IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TYRECE RENE CHESTANG,**<br><br>  Petitioner,<br><br>v.<br><br>**AMY MILLER, Warden,**<br><br>  Respondent. | Case No.   14cv1509-BEN-(PCL)<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE:**<br><br>**RE: PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)** |

### I. INTRODUCTION

Tyrece Rene Chestang ("Petitioner"), a prisoner in state custody proceeding *pro se* and *in forma pauperis*, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. §2254 on June 10, 2014. (Doc. 1.) On September 10, 2014, Respondent filed an answer to the petition. (Doc. 14.) Petitioner has failed to timely file a traverse before October 6, 2014. (See Doc. 9.) Now before the Court is the petition, on its merits.

The Honorable Roger T. Benitez referred the matter to the undersigned Judge for Report and Recommendation pursuant to 28 U.S.C. 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d). After a thorough review of the pleadings, this Court recommends the Petition be **DENIED**.

### II. PROCEDURAL BACKGROUND

Petitioner was charged with two counts of first degree robbery and one court of attempting to dissuade a witness. (Doc. 1, at 38.) It was alleged that Petitioner personally

used a firearm in the commission of both robberies. (Id.) It was further alleged that Petitioner was previously convicted of two felonies that qualified as prison priors, serious felonies, and strike priors. (Id.) A jury found Petitioner guilty on all counts and enhancements. (Id.) Petitioner admitted all prior conviction allegations. (Id.) The trial court sentenced Petitioner to a total of 50 years to life, plus 23 years and four months in prison. (Id.)

Petitioner timely appealed from the judgment of the Superior Court of San Diego County, claiming the trial court erred in denying his pretrial motion to represent himself under Faretta v. California (1975) 442 U.S. 806 (Faretta), in violation of his right to due process and a fair trial under the Sixth and Fourteenth Amendments. (Id. at 37-38.) The California Court of Appeals affirmed the judgment on May 31, 2013, in an unpublished decision. (Id. at 37.)

The Supreme Court of California denied petition for review of the state habeas petition on August 14, 2013. (Id. at 15.) The only ground raised by Petitioner in his California Supreme Court appeal was whether the trial court abused its discretion by denying his Faretta motion in violation of his right to due process and a fair trial under the Sixth and Fourteenth Amendments. (Id. at 25.)

### III. FACTUAL BACKGROUND

The last reasoned opinion was given by the California Court of Appeals. (See id. at 37.) The following factual background is taken word for word from the appellate opinion:

> On the first day of trial, defense counsel informed the court that Chestang wished to bring a motion for substitution of appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). The trial court conducted a *Marsden* hearing outside the presence of the prosecutor. Chestang complained that defense counsel continuously told him that he had "a no-win case." He stated that counsel had a "nonchalant attitude to questions" he posed regarding the case, telling him, "[H]ow does that help[?] I don't see it, a jury won't buy it, the jury won't agree to it." Chestang complained that counsel failed to obtain photographs and fingerprint evidence. Chestang did not feel that counsel had conducted a thorough investigation or that he had "an effective defense strategy." Chestang believed that counsel had not "aggressively pursued anything as far as just trying to get [him] off" and just pressured him to "take a deal" in the case.
> Defense counsel responded to Chestang's allegations, explaining that he visited Chestang a couple of times, discussed the case with him, inquired about

1  witnesses to investigate, subpoenaed a witness that Chestang had asked about
2  and canvassed the crime scene. Counsel recently gave Chestang an opportunity to talk to him, but Chestang hung up on him and refused to talk to him
3  anymore. Counsel claimed he told Chestang about deals and never pressured Chestang to take any deal, but was honest with Chestang about the evidence
4  and the chances of success at trial, which upset Chestang. After Chestang reiterated his complaints, defense counsel told the court that he had possession
5  of the photographs and that to the best of his knowledge, the prosecutor never sought any fingerprint analysis which was "advantageous to . . . Chestang at this point."
6  The trial court denied the *Marsden* motion, explaining that counsel had obtained discovery, investigated the case and followed up on Chestang's leads,
7  but that strategy and trial tactics were counsel's decisions to make. Defense counsel then indicated that Chestang had told him earlier that "he may request
8  a pro per status." The trial court asked if Chestang was ready for trial "right now." Chestang replied, "Not just this moment, no." The trial court replied,
9  "Then its not timely."

(Id., at 38-39.)

## IV. DISCUSSION

### A. Exhaustion

Although Respondent concedes that "Chestang appears to have exhausted his claims by presenting them to the California Supreme Court" (Doc. 14, at 2), as a preliminary matter the Court will consider exhaustion of Petitioner's claims.

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. §§ 2254(b) and (c); Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1738, 144 L.Ed.2d 1 (1999); Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir.2003) (en banc). "The exhaustion-of-state -remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (internal quotation marks, citations and footnote omitted); O'Sullivan, 528 U.S. at 844-45, 119 S.Ct. at 1732; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir.1996).

The exhaustion requirement is satisfied when "the federal claim has been fairly presented to the state courts." Picard, 404 U.S. at 275, 92 S.Ct. at 512; Duncan v. Henry, 513

U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per curiam). The purpose of the "fair presentation" requirement is to "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon [petitioner's] constitutional claim." Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam); Solis v. Garcia, 219 F.3d 922, 930 (9th Cir.2000), cert. denied, 534 U.S. 839, 122 S.Ct. 94, 151 L.Ed.2d 55 (2001). Thus, "[f]air presentation requires that the petitioner must present 'both the operative facts and the federal legal theory on which his claim is based' " to the state courts, Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir.2003) (citation omitted); Cockett v. Ray. 333 F.3d 938, 942 (9th Cir.2003), and petitioner "must have 'characterized the claims he raised specifically as federal claims.' " Castillo v. McFadden, 399 F.3d 993, 999 (citation omitted), cert. denied, 546 U.S. 818, 126 S.Ct. 348, 163 L.Ed.2d 58 (2005); Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.2000), amended by, 247 F.3d 904 (9th Cir.2001). To do so, "the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation." Castillo. 399 F.3d at 999; Peterson, 319 F.3d at 1158. However, "[m]ere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Castillo, 399 F.3d at 999 (citation omitted); Gray v. Netherland, 518 U.S. 152, 163, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996); Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir.), cert. denied, 546 U.S. 1037, 126 S.Ct. 738, 163 L.Ed.2d 579 (2005). "Nor is it enough to raise a state claim that is analogous or closely similar to a federal claim." Castillo, 399 F.3d at 999; Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), cert. denied, 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000).

Further, the "fair presentation" requirement in cases by state prisoners generally requires "one full round of the State's established appellate review process," including discretionary review by the state supreme court. O'Sullivan, 526 U.S. 838. There are some exceptions. See e.g. Wenger v. Frank, 266 F.3d 218 (3d Cir. 2001) (Alito, J.) (Holding, *inter alia*, if a federal habeas corpus claim has not been fairly presented to the state courts, but

further state court review is clearly foreclosed under state law, exhaustion of state remedies is excused on the ground of futility.)

Here, Petitioner presents three grounds for habeas relief. (See Doc. 1, at 7-8.) First, he asserts, "The trial court abused its discretion by denying my Faretta motion in violation of my right to due process and a fair trial." (Doc. 1, at 7.) Second, he asserts, "The trial court abused its discretion by outright denying my Faretta request without considering the legitimate circumstances of my request." (Id.) Third, he asserts, "The trial court abused its discretion when it failed to ascertain when I would be ready for trial should my *pro per* status be granted." (Id.)

Each of these three grounds present the same claim: the trial court's denial of Petitioner's Faretta motion was an abuse of discretion. Although Petitioner has presented this claim as three separate grounds for relief, the legal issue presented and its standard of review is the same. Because that ground for relief was fairly presented for review in the state courts, it is properly exhausted. (See Lodgements 6, 7.)

**B. The Anti-Terrorism and Effective Death Penalty Act**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, "placed a new restriction on the power of federal courts to grant writs of habeas corpus to state prisoners." Williams v. Taylor, 529 U.S. 362, 399, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). AEDPA prohibits relief on any claim adjudicated in state court unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law," or "was based on an unreasonable determination of the facts[.]" 28 U.S.C. § 2254(d)(1), (2).

A state court decision is contrary to clearly established federal law where the "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law." Williams, 529 U.S. at 405, 120 S.Ct. 1495. A state court decision also is contrary to clearly established federal law "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" the Supreme Court's. Id.

A state court decision constitutes an unreasonable application of Supreme Court precedent only if the state court decision is objectively unreasonable. That is, the state court decision must be "more than incorrect or erroneous." Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir.2005). Whether a state court's application of a rule is reasonable depends on the specificity of the rule. Yarborough v. Alvarado, 541 U.S. 652, 663, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). Where the Supreme Court has not addressed an issue in its holding, a state court adjudication of the issue not addressed by the Supreme Court cannot be contrary to, or an unreasonable application of, clearly established federal law. Kane v. Espitia, 546 U.S. 9, 9, 126 S.Ct. 407, 163 L.Ed.2d 10 (2006). Accordingly, Chestang is not entitled to habeas relief under 28 U.S.C. § 2254(d)(1) unless the California court's decision "was contrary to or involved an unreasonable application of [the Supreme Court's] applicable holdings." Carey v. Musladin, 549 U.S. 70, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006).

The Court may also grant relief if the state court adjudication "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). AEDPA directs the Court to presume that state court factual findings are correct. 28 U.S.C. § 2254(e)(1). We may not overturn them "absent clear and convincing evidence" that they are "objectively unreasonable[.]" Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

**C. The California Court Of Appeal's Holding That The Trial Court Did Not Violate Faretta v. California Was Not Objectively Unreasonable**

Under the Sixth Amendment, criminal defendants have a right to be represented by an attorney. U.S. Const. amend. VI. The right to counsel has been interpreted to encompass "an independent constitutional right" of the accused to represent himself at trial, and thus waive the right to counsel. Faretta, 422 U.S. at 806, 95 S.Ct. 2525. Such waiver, however, must be "knowing, voluntary, and intelligent[.]" Iowa v. Tovar, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) (citing Faretta, 422 U.S. at 806, 95 S.Ct. 2525); Faretta, 422 U.S. at 835, 95 S.Ct. 2525 ("the accused must knowingly and intelligently forgo" the right to counsel) (citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)) (internal

quotation marks omitted). The Ninth Circuit has held that Faretta requires a defendant's request for self-representation be unequivocal, timely, and not for purposes of delay. United States v. Erskine, 355 F.3d 1161, 1167 (9th Cir.2004); see also United States v. Arlt, 41 F.3d 516, 519 (9th Cir.1994).

      The Court is required to determine whether the state court's application of Faretta "was contrary to or involved an unreasonable application of [the Supreme Court's] applicable holdings." Carey v. Musladin, 549 U.S. 70, 74, 127 S. Ct. 649, 653, 166 L. Ed. 2d 482 (2006). Faretta does not articulate a specific time frame pursuant to which a claim for self-representation qualifies as timely. It indicates only that a motion for self-representation made "weeks before trial" is timely. Faretta, 422 U.S. at 835, 95 S.Ct. 2525. The Ninth Circuit has found that a state court's denial of a motion made on the morning trial began as untimely was neither contrary to nor an unreasonable application of clearly established federal law. See Marshall v. Taylor, 395 F.3d 1058, 1061 (9th Cir.2005). The Supreme Court has never held that Faretta's "weeks before trial" standard requires courts to grant requests for self-representation coming on the eve of trial.

      Here, on the first day of trial, defense counsel informed the trial court that Chestang wished to bring a motion for substitution of appointed counsel under People v. Marsden (1970) 2 Cal.3d 118. The trial court conducted a Marsden hearing outside the presence of the prosecutor, and subsequently denied the Marsden motion. The trial court explained that counsel had obtained discovery, investigated the case and followed up on Chestang's leads, but that strategy and trial tactics were counsel's decisions to make. Because Chestang had indicated to counsel that "he may request a pro per status," the trial court inquired if Chestang was ready for trial "right now"; to wit, whether he would be able to adequately represent himself on the first day of trial, without delay. Chestang replied, "Not just this moment, no." (Doc. 1, at 40.)

      The trial court held that because Petitioner was not prepared to represent himself on the morning of trial, a request for self-representation was untimely. (Id.) When reviewing this holding, the California Court of Appeal found the trial court acted "well within its discretion

when it denied the motion." (Id. at 42.) In its discussion, the Court of Appeal elaborated that: "...the timing of the request would reasonably cause disruption or delay in the proceedings. Our high court has held on numerous occasions that Faretta motions made on the eve of trial are untimely." (Id.)

The state court's determination that Chestang's request to proceed *pro se* was untimely is not objectively unreasonable under AEDPA. See Marshall v. Taylor, 395 F.3d 1058, 1061; Faretta, 422 U.S. at 835.

Additionally, the Court does not find the state court's opinion "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(2). Such a finding would require "clear and convincing evidence" that the state court findings were "objectively unreasonable." Miller-El v. Cockrell, 537 U.S. 322, 340. Here, it is clear that Petitioner's Faretta motion, made on the morning of the first day of trial, would cause significant delay if granted. By his own admission, Petitioner was unprepared to represent himself at the time he made his Faretta motion. (Doc. 1, at 40.) Under these circumstances, the state court's factual determination that Petitioner's Faretta motion was untimely is not objectively unreasonable."

For the reasons set forth above, the Court recommends **DENYING** the petition for writ of habeas corpus.

## V. CERTIFICATE OF APPEALABLITY

If the district court adopts the Report and Recommendation to deny the petition for habeas corpus, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v.

1  Cockrell, 537 U.S. 322, 327 (2003).

2  The Court recommends that Mr. Chestang not be issued a COA. No jurist of reason
3  could disagree with this Court's decision to deny this petition. Mr. Chestang should address
4  whether a COA should issue in his written objections, if any, to this Report and
5  Recommendation.

### VI. CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Roger T. Benitez under 28 US.C. 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d) of the United States District Court for the Southern District of California. For the reasons outlined above, it is hereby recommended the Court issue an Order: 1) approving and adopting this Report and Recommendation;  2) directing that judgment be entered denying the petition for writ of habeas corpus and dismissing this action without prejudice; and 3) denying a certificate of appealability.

**IT IS ORDERED** that no later than December 1, 2014, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than December 8, 2014. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED:   November 10, 2014

Peter C. Lewis
United States Magistrate Judge
United States District Court

cc: All Parties
Hon. Roger T. Benitez