# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRECE RENE CHESTANG,<br><br>                                 Petitioner,<br>vs.<br><br>AMY MILLER, Warden<br><br>                                Respondent. | CASE NO. 14-cv-1509-BEN (PCL)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On June 10, 2014, Tyrece Rene Chestang, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer. On November 10, 2014, the Magistrate Judge issued a thoughtful and thorough Report and Recommendation ("R&R") recommending the Petition be denied. On January 8, 2015, Petitioner filed Objections.

## BACKGROUND

On the first day of trial, Petitioner informed the court that he wanted to represent himself during the trial because he was not satisfied with the performance of his appointed counsel. The judge asked Petitioner if he was ready to proceed with trial if he were to represent himself. Petitioner said he was not ready ("Not just this moment."). The trial judge denied his motion, the trial proceeded, Petitioner was found guilty, and convicted. He now contends that he was denied his Constitutional right to represent himself.

The Report & Recommendation found that the petition is timely filed and that

state remedies have been exhausted.  Petitioner agrees.  On the merits of the claim, the Report & Recommendation recommends denying the petition based on *Marshall v. Taylor*, 395 F.3d 1058 (9th Cir. 2005).  Petitioner objects to this conclusion.

## STANDARDS OF REVIEW

Where a timely objection to a report and recommendation has been filed, the district court reviews *de novo* those portions of the report or specific proposed findings or recommendations to which the petitioner objected.  28 U.S.C. § 636(b)(1).  Because Petitioner objects, this Court reviews the merits of the claims *de novo*.

## PETITION FOR WRIT OF HABEAS CORPUS

A petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 337 (1997).  AEDPA states that a habeas petition will not be granted with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  A federal court engages in a deferential review of the state court's determination, and only looks to see whether the state court's decision was objectively unreasonable.  *See Yarbrough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

## DISCUSSION

Here, Petitioner's claim is precluded by *Marshall*.  A defendant does have a constitutional right to represent himself at trial according to *Faretta v. California*, 422 U.S. 806 (1975).  However, a self-representation request must be timely and the Supreme Court has never said that such a request is timely when made on the first

day of trial.

In *Marshall*, as is the case here, a defendant made his request to represent himself on the morning of trial. *Marshall*, 395 F. 3d at 1061. The California courts determined that the request was untimely. The Ninth Circuit, on appeal from the denial of a federal habeas petition, determined that the state court decision was neither contrary to nor an unreasonable application of *Faretta*, and affirmed the denial of habeas relief. *Marshall*, 395 F. 3d at 1062. That decision controls the outcome here. Having reviewed the petition *de novo*, the Report and Recommendation is adopted and the petition for a writ of habeas corpus is denied.

## DENIAL OF CERTIFICATE OF APPEALABILITY

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11 foll. 28 U.S.C. § 2254. In this case, the Court finds that Petitioner did not make a substantial showing of the denial of a constitutional right, the issues are not debatable among jurists of reason, and a court could not resolve the issues in a different manner. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The questions are also not adequate to deserve encouragement to proceed further. Accordingly, the Court denies a certificate of appealability.

## CONCLUSION

After *de novo* review of the petition and the record in this matter, the petition for a writ of habeas corpus is **DENIED**. The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason and there are no questions adequate to deserve encouragement. The Clerk of Court shall enter judgment denying the Petition.

**IT IS SO ORDERED**.

DATED:  March 9, 2015

Hon. Roger T. Benitez
United States District Judge